## RAY v. KEENE et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

MASTER AND SERVANT—INJURIES TO SERVANT.

Defendants employed one C. to train their race horses, and authorized him to employ necessary jockeys and stable boys. C. employed plaintiff to ride the horses for the purpose of exercising them. On one occasion, when plaintiff had finished his work with defendants' horses, C. compelled him, without the knowledge of defendants, to ride a horse belonging to a third person who lived in the neighborhood, and brought the horse over to defendants' stable, and while so riding it plaintiff was thrown and injured. *Held*, that C. was not acting within the scope of his employment in compelling plaintiff to ride such horse, and therefore defendants were not liable.

Parker, J., dissenting.

Appeal from trial term, New York county.

Action by Thomas Ray, an infant, by Thomas Ray, his guardian ad litem, against James R. Keene and Foxhall Keene. The complaint was dismissed, and plaintiff appeals. Affirmed.

The action is for damages for personal injuries sustained by the plaintiff. The defendants were owners of thoroughbred horses, which were in training under the charge of one Albert Cooper. The plaintiff, who had been in the service of various trainers of racing horses, including Cooper, before the latter had been employed by the defendants, returned to Cooper's service as a stable boy in the spring of 1891, after Cooper had been employed by the defendants to train their horses. The complaint, in substance, alleges that the defendants, while engaged in training horses for racing, and in racing horses on race tracks, had employed the infant plaintiff, then 15 years of age, as a stable boy, jockey, and rider of horses, and had entire control of him; that while in their employ, and while riding a racing horse, he was severely injured; and that such employment was prohibited by statute; and demands judgment for the damages sustained as the result of such injuries. By their answer the defendants "admit and allege that at said times they employed a proper person as trainer, to

whose charge the management of such horses as these defendants desired to have trained for racing was confided, who, in the course of his employment, selected and employed jockeys and stable boys to ride said horses; that, as these defendants are informed and believe, the said plaintiff was one of the stable boys so employed." Upon the trial the plaintiff testified: "I was working in Morris Park. I was employed by Albert Cooper. He was employed by Foxhall Keene and James R. Keene. I was hired to exercise horses. * * * I rode two horses every morning. They were race horses. I rode for exercise on Morris Park track. * * * Mr. Cooper was trainer for Foxhall Keene and James R. Keene. * * * I lived myself up over the stable at Morris Park track. There were nine or ten other boys there. We all lived together, and ate our meals there, and all slept there. I worked under Cooper's orders. We were allowed to go home once a month. When I say I exercised horses, I mean I used to take them out on the track, and trot them around, gallop them around, and work them every other morning. I mean by working a horse to let them go as fast as they can. I rode on the horse's back. I rode a horse in a race. It was called 'Constantinople Filly.' It was Foxhall Keene's. * * * I fell off a horse, before I was hurt, five or six times. I was not bruised or hurt in any way." He further testified that he had seen boys who were riding horses and exercising them fall off those horses,—thrown off. "These boys who fell off were in the employ of the Keene stables, riding the Keene horses; not the same horses that I rode." In addition he testified substantially that on the morning of August 22, 1891, a man by the name of Crosson, who lived in the neighborhood of Morris Park, drove over there in a cart. The horse he drove was not the defendants,' or one in which they had any interest whatever. The plaintiff testifies that he was through with his work for the morning, and about to leave with his companions for a swim, when he was requested by Cooper to ride Crosson's horse; that after some objection he mounted, and rode out on the track, first on a trot, and then on a gallop, and then he speeded the horse over a part of the track; that he said to Cooper he did not want to ride the horse at all; that he was afraid of him; that after trotting the horse around he again stated that he did not want to ride the horse, but that Cooper threatened to knock him off if he did not do so; that he galloped the horse around the track, returning again to Cooper, who told him then to gallop him around to the quarter pole, and then work him as fast as he could; that he followed Cooper's instructions, and while coming down the stretch, going very fast, the horse ran against the fence, threw him off, and kicked him in the head. On cross-examination the plaintiff testified that he had previously seen the horse he rode when hurt; that it belonged to Mr. Crosson, who used to ride him to the track; that he had seen the horse there, and also at West Farms; and on redirect he testified that he saw the horse at West Farms when Cooper took him there. After testimony by a doctor as to the extent of the plaintiff's injuries, and upon plaintiff's resting, the complaint was dismissed, and from the judgment entered upon such dismissal this appeal is taken. The defendants' liability is placed upon the ground that they violated the statute embodied in section 292 of the Penal Code, which prohibits the employment of any child under the age of 16 years for the purpose of exhibition, "or trains or in any way procures or consents to the employment or to such training, or use or exhibition of such child, or who neglects or refuses to restrain such child from such training, or from engaging or acting, either, (1) as a rope or wire walker, gymnast, wrestler, contortionist, rider or acrobat; or upon any bicycle, or other similar mechanical vehicle or contrivance; * * * (5) in any practice or exhibition or place dangerous or injurious to the life, limb, health or morals of the child, is guilty of a misdemeanor."

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, INGRAHAM, and PARKER, JJ.

E. C. James, for appellant.

Joseph Larocque, for respondents.

O'BRIEN, J. It is urged that the defendants have violated the statute by employing the plaintiff as a rider, jockey, and stable boy,

45 N.Y.S.—57

and consenting to his acting as such, or by neglecting or refusing to restrain him from acting as such; the claim being that, as he was in their employ, it was their duty, under the provisions of the statute, not to permit him to ride, and that, therefore, they are liable for the damages sustained by him while so employed. If the evidence showed that while riding one of the defendants' horses, or, with the knowledge and by the direction of the defendants, while riding Crosson's horse, the plaintiff was injured, then, upon the other facts appearing, we think, irrespective of the statute, there would have been a question for the jury; for it appears that the boy mounted with reluctance, and, after galloping, expressed his fear of the horse, and was compelled to ride by Cooper, who, standing with a cane or stick in his hand, stated that he would knock him off if he did not ride the horse. Such conduct on the part of Cooper in compelling the plaintiff to accept and continue in a dangerous employment by force or fear was sufficient to fix a liability on Cooper, and on defendants if Cooper, in what he did, was acting within the scope of an authority conferred by defendants. If, however, Cooper was not the alter ego of the defendants, or was not acting as their agent in what he did, it is difficult to assign any principle upon which defendants are to be held liable for injuries received by plaintiff while riding a horse in which defendants had no interest. In this connection it is important to recall just what Cooper's position was. The plaintiff testified that he was employed by Cooper, and that Cooper was employed by the defendants. In addition, we have but the pleadings to show just what was the extent of Cooper's authority. The complaint alleges that these "defendants employed or caused to be employed the infant plaintiff." And the answer is that they employed "a proper person as trainer, to whose charge the management of such horses as these defendants desired to have trained for racing was confided, who, in the course of his employment, selected and employed jockeys and stable boys to ride said horses," one of whom, they are informed and believe, was the plaintiff. It will thus be noticed that Cooper's employment was the training of such horses as defendants confided to him, and he, on his part, employed the stable boys. It was, therefore, entirely competent, for aught that appears to the contrary, for Cooper to train other horses besides those of the defendants; or, as in this instance, to train Crosson's horse. Undoubtedly, if Cooper was not an independent contractor, but was in the general employment of the defendants, by whom he was given authority to employ stable boys and jockeys, then there might be some force in the suggestion that in directing the boys as to what they should do he was within the general scope of his employment, and that it was not for the boys to question his authority, and that for what they did for Cooper, presumably acting for the defendants, the latter could be held liable. We fail, however, to see upon what principle a boy employed by Cooper, though part of his duties consisted in exercising the defendants' horses, confided to Cooper for training, when injured while riding under Cooper's directions a horse in which the defendants had no interest whatever, can recover from them for such injuries. Although illustrations, as a rule, are dangerous, it may

serve to present our views in a clearer light if we take one presenting some of the features and illustrating the principle which is here applicable. If a manufacturer using machinery employs a foreman and employés to work on such machinery, and the foreman, without the knowledge or consent of the master, should direct one of the employés to go into a factory belonging to another person, and work on a defective machine, and the employé, while so working, is injured, would the master be liable? True, the foreman had authority in the factory of the master, but would that make the master liable for injuries resulting from an unauthorized act of the foreman in sending the employé into another man's factory to work on dangerous machinery? Here Cooper was employed by the defendants to train such horses as they confided to his care, and the testimony shows, as the answer admits, that the plaintiff was employed by Cooper. But there is nothing to show that his employment was solely limited to riding the defendants' horses, or that he was employed by Cooper for that exclusively. The plaintiff was injured, not in riding one of the defendants' horses, but in riding by direction of Cooper, his master, a horse belonging to Crosson, without the knowledge or assent of the defendants; and Cooper, in ordering the plaintiff to ride Crosson's horse, cannot, by any stretch of the pleadings or evidence, be held to have instructed him to do anything which in any way could be regarded as done for the defendants. Nor could the plaintiff have understood that it was done for the defendants, because he admits that he had seen the horse on previous occasions at West Farms, and knew that it belonged to Crosson, who, on the day in question, had brought it to the track, and for whom Cooper directed the boy to ride. If, however, upon any view, a jury could infer that Cooper was in complete charge and control of a stable of horses belonging to the defendants, and had authority to employ stable boys for them to exercise their horses, and had, without their authority or consent, forced the plaintiff to ride a horse which he knew did not belong to the defendants, and that the plaintiff was thus injured, then would be presented a case similar to the illustration of a foreman who, without authority, compelled an employé to enter upon a work which the latter well knew was not one in which the master had any concern, and for injuries suffered in which the master could not be responsible. Without considering the other grounds, we think, upon the pleadings and the proof, the complaint was properly dismissed, and the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY and INGRAHAM, JJ., concur.

PARKER, J., dissents.